IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SONJA FLOYD KEITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:23-cv-447-ECM-CWB |
| **CITY DOTHAN MUNICIPALITY,** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

## RECOMMENDATION

Sonja Floyd Keith, who is proceeding *pro se*, filed this action on July 27, 2023 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 4). By Order dated August 2, 2023 (Doc. 5), *in forma pauperis* status was granted. However, service of process could not be attempted by the clerk of court because Plaintiff "failed to include a proposed summons on the defendant(s) in this case." (*Id.*; *see also* Doc. 3). Plaintiff thus was directed to "file proposed summonses no later than **September 22, 2023**" and was **"expressly cautioned that a failure to provide proposed summonses in compliance with this Order will result in a recommendation of dismissal**." (Doc. 6) (emphasis in original). When Plaintiff failed to comply with that directive, the court entered a second Order directing Plaintiff "to show cause no later than **October 26, 2023** as to why this action should not be dismissed due to her non-compliance and non-prosecution." (Doc. 7) (emphasis in original). Despite that instruction, Plaintiff has taken no responsive action and still has not submitted proposed summonses as directed.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. *Id*. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. Here, it appears from the record that Plaintiff received the July 27, 2023 notice from the clerk of court, the court's September 8, 2023 Order (Doc. 6), and the court's October 12, 2023 Order (Doc. 7) but simply elected not to respond despite being informed of the legal requirement to do so and despite being warned of the consequences that would ensue. The undersigned Magistrate Judge finds that Plaintiff's failure to comply with the court's directives or otherwise participate in the proceedings as required reflects a clear record of delay and willful contempt. The undersigned further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take advantage of multiple chances to move her claims forward.

Accordingly, the Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** with prejudice. *See, e.g., Calloway v. Perdue Farms, Inc.*, 313 F. App'x 246 (11th Cir. 2009); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that pro se parties are subject to discovery rules and court orders).

It is **ORDERED** that any objections to this Recommendation must be filed by **November 27, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.  No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 13th day of November 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**